IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELISSA CLARK, *et al.*,<br>    Plaintiff,<br><br>              v.<br><br>THE CITY OF ATLANTA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-04951-SDG |

**OPINION AND ORDER**

This matter is before the Court on the motion to appoint counsel [ECF 6] and motion to refund filing fees [ECF 5] filed by Plaintiff Melissa Clark, as well as on the Court's own initiative. For the reasons stated below, the complaint is **DISMISSED**, Clark's motion to refund the filing fee is **DENIED**, and the motion to appoint counsel is **DENIED AS MOOT**.

**I.    BACKGROUND**

This is the second suit brought by Clark against the City of Atlanta, Officer Gregory DuBose, and Officer Clarence Tosh, arising from a 2008 shooting incident with police. Clark alleges that while standing outside of a home she was renovating along with her two sons, Montellis and Timothy Clark, two police officers approached the home shouting with weapons drawn.[1] An altercation

---

[1] ECF 1.

escalated quickly and ended tragically. The officers fatally shot Montellis Clark.[2] Timothy Clark suffered a gunshot wound to his lower back.[3] Both officers also suffered non-fatal gunshot wounds.

In the first suit, filed on July 7, 2010, Melissa Clark and Timothy Clark brought claims against the City of Atlanta, Officer Gregory DuBose, Officer Clarence Tosh, and then-Chief of Police Richard Pennington.[4] In that case Plaintiffs brought nine causes of action related to the event: 1) violation of civil rights pursuant to 42 U.S.C. § 1983; 2) *Monell* claims against the City of Atlanta pursuant to 42 U.S.C. § 1983; 3) state law claims of trespass, assault, battery, false arrest, false imprisonment, and intentional infliction of emotional distress; 4) a state law claim of negligence; 5) violation of Georgia's RICO statute; 6) respondeat superior with respect to the City of Atlanta; 7) general damages, including pain and suffering; 8) punitive damages; and 9) attorney's fees. On October 18, 2010, the Court granted summary judgement in favor of Defendants on various grounds and dismissed

---

[2]  *Id.*

[3]  *Id.*

[4]  *Clark et al v. City of Atlanta et al.*, No. 1:10-cv-02163-MHS (N.D.Ga 2010).

the case in its entirety.[5] Plaintiffs appealed, and the dismissal was affirmed by the Eleventh Circuit.[6]

Eleven years later, on December 3, 2021, Melissa Clark, *pro se*, filed the instant complaint against the same Defendants named in the 2010 suit. This complaint stems from the same set of facts as her 2010 complaint and alleges violations to "our civil and constitutional rights."[7] Clark seeks "closure and justice to move forward" and asks that the "officers [ ] be held accountable for their actions." Clark paid the filing fee and summonses were issued as to certain defendants.[8] No defendant has been served with process to date.

## II.   ANALYSIS

While the Court recognizes Clark's desire for closure, her attempt to bring suit against the same parties related to the same incident as her first dismissed case must likewise be dismissed. This case is barred by res judicata, as all claims were previously litigated (or could have been) in the 2010 suit. Accordingly, Clark's

---

[5]  *Clark v. City of Atlanta,* No. 1:10-CV-2163-MHS, 2011 WL 13136620 (N.D. Ga. Oct. 18, 2011).

[6]  *Clark v. City of Atlanta, Ga.*, 544 F. App'x 848 (11th Cir. 2013).

[7]  *Id.*

[8]  ECF 3; ECF 4.

motion to appoint counsel must be denied as moot. Nor is there any authority to support Clark's motion for a refund of the filing fee in this case.

### A.     This action is barred by res judicata.

Res judicata bars a case where four criteria are met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

All four criteria for res judicata are satisfied here. First, Clark's first suit ended in a final judgment on the merits—summary judgment was issued in favor of Defendants on various immunity grounds, which judgment was upheld on appeal.[9]

Second, the judgment was rendered by a court of competent jurisdiction. "A court of competent jurisdiction is a court with the power to adjudicate the case before it…. [T]his Court has understood the phrase 'court of competent jurisdiction' as a reference to a court with an existing source of subject-matter jurisdiction." *Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 560 (2017). The court

---

9   *Clark*, 2011 WL 13136620, *aff'd*, 544 F. App'x 848.

that issued the summary judgment order qualifies as a court of competent jurisdiction as it had subject matter jurisdiction over all of the plaintiffs' claims. Because the plaintiffs' claims arose under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, there was subject matter jurisdiction pursuant to 28 U.S.C. §1331. Their state-law claims all shared a factual connection with those federal claims and thus, supplemental jurisdiction extended to the state-law claims pursuant to 28 U.S.C. §1367(a).[10]  The second prong is therefore satisfied.

Third, the parties in this case were also parties in the 2010 suit. In 2010, Melissa Clark and Timothy Clark filed suit against, among others, the City of Atlanta, Clarence Tosh, and Gregory DuBose.[11] In the instant complaint, Melissa Clark filed suit against the same Defendants on behalf of herself and also purports to do so on behalf of her sons, therefore satisfying prong three of the analysis.

Finally, the 2010 suit involved the same cause of action as the instant suit. "Res judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same

---

[10]   Complaint at ¶¶ 7–9, *Clark v. City of Atlanta*, No. 1:10-CV-2163-MHS (N.D. Ga. 2010).

[11]   Additional Plaintiffs and Defendants were included in the 2010 suit as well.

operative nucleus of fact.'" *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992)). In other words, "[r]es judicata bars relitigation of matters that … could have been litigated in an earlier suit." *Manning,* 953 F.2d at 1358 (citing *Nevada v. United States*, 463 U.S. 110, 130 (1983)). *See also id.* at 1360 ("[F]or res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed  . . . .").

The 2010 suit and the instant suit both arise out of the same nucleus of operative facts. In fact, Clark complains in the instant suit that she previously was "treated unfairly in the 11th Circuit Court of Appeals."[12] To the extent Clark is attempting to bring new claims that could have been brought in the 2010 suit, those claims are barred as well. Because this case is precluded by res judicata, Clark's claims must be dismissed with prejudice and the Court denies Ms. Clark's motion to appoint counsel as moot.

### B. Clark cannot bring claims on behalf of others.

To the extent that Melissa Clark is attempting to bring claims on behalf of her sons, Timothy Clark or the estate of Montellis Clark, she faces an additional

---

12   ECF 1.

hurdle to do so.[13] While a person is free to represent herself in an action in federal court, she may not represent another individual or entity unless she is a licensed attorney. To do so would violate Georgia's unauthorized practice of law statutes and this Court's Local Rules. O.C.G.A. § 15-19-50 (defining "practice of law" as including "[r]epresenting litigants in court and preparing pleadings and other papers"); O.C.G.A. § 15-19-51(a)(1) ("It shall be unlawful for any person other than a duly licensed attorney at law . . . . To practice or appear as an attorney at law for any person other than himself in any court of this state or before any judicial body."). Melissa Clark does not appear to be a licensed attorney in the State of Georgia nor admitted to this Court. She cannot, therefore, represent Timothy Clark or the estate of Montellis Clark in this or any other action in this Court.

### C.     Clark's motion for a refund of her filing fee is denied.

The Court is not aware of any authority that would support granting Clark's request for a refund of her filing fee. *See Crutchfield v. City of Manchester, Ga.*, No. CV308-126, 2008 WL 11287017, at *1 (N.D. Ga. Oct. 28, 2008) (denying refund of filing fee); *see also Queen v. United States*, No. CIV.A. 05-3341, 2006 WL 3791321, at *1 (D. Kan. Dec. 22, 2006) ("[P]laintiff has already paid the filing fee in its entirety

---

[13]     While Melissa Clark names Timothy as a Plaintiff, he has not signed any documents and the complaint appears to have been written and signed exclusively by Melissa Clark.

and therefore demonstrated that he has the means to do so."). Clark's request that her filing fee be refunded is denied.

### III.   CONCLUSION

On the Court's own initiative, this case is **DISMISSED** on res judicata grounds. Clark's motion to refund her filing fee [ECF 5] is **DENIED**, and her motion to appoint counsel [ECF 6] is **DENIED AS MOOT**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 29th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge